Pjetro IVEZIC, Aga Ivezic, Petitioners,

v.

Alberto R. GONZALES,[1] United States Attorney General, Respondent.

Nos. 04–3404–ag (L), 04–3457–ag (Con).

United States Court of Appeals, Second Circuit.

July 14, 2006.

Richard A. Kulics, Birmingham, MI, for Petitioner.

Paul I. Perez, United States Attorney, Yvette Rhodes, Judy K. Hunt, Assistant United States Attorneys, Appellate Division, Tampa, FL, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Pjetro and Aga Ivezic, citizens of Montenegro, appeal from the BIA's order affirming Immigration Judge ("IJ") Brigitte Laforest's order denying their applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. See, e.g., Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005); Yu Sheng Zhang v. U.S. Dep't of Justice, 362 F.3d

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

155, 158 (2d Cir.2004). This Court reviews the agency's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

The Ivezics argue that the BIA and the IJ improperly applied the definition of persecution in the instant case. However, substantial evidence supports the IJ's finding that the Ivezics failed to demonstrate that they were mistreated or mishandled in such a brutal manner as to establish persecution. *See Kambolli v. Gonzales,* 449 F.3d 454, 456–58 (2d Cir.2006) (persecution does not encompass all treatment that society regards as unfair, unjust, or even unlawful or unconstitutional). Although the Ivezics were treated unfairly in Montenegro, discrimination on account of a protected ground does not ordinarily amount to persecution. *See Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005).

The IJ denied the Ivezics' claim of well-founded fear of future persecution on two grounds. First, the IJ reasonably determined that the Ivezics failed to establish a well-founded fear of future persecution because their son currently lives in the U.S. Additionally, the IJ concluded that the 2002 U.S. State Department Country Reports ("Reports") indicate that, although the situation in Montenegro is far from ideal, it is not so dire as to support a finding that the Ivezics have a well-founded of future persecution. The IJ observed that the section on ethnic minorities in the Reports fails to mention any problems experienced by ethnic Albanians. The IJ also acknowledged that ethnic tensions still exist in Montenegro, but rationally concluded that those tensions do not sustain the Ivezics' fear of future persecution. *Cf. Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004). Furthermore, the Ivezics did not offer any evidence to undermine the IJ's findings. *Cf. Tambadou v. Gonzales,* 446 F.3d 298 (2d Cir.2006).

In their appeal to the BIA, the Ivezics failed to challenge their withholding of removal claim; therefore, this Court lacks the jurisdiction to review the withholding claim. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006); 8 U.S.C. § 1252(d)(1).

The Ivezics have not challenged the IJ's denial of their CAT claim in their brief to this Court. Issues insufficiently briefed are considered waived and normally will not be considered on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petitions for review are DENIED. Having completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DENIED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).